**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **BEYOND WORDS INC.** | : | **CASE NO.  2:22-CV-03267** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a *Motion to Amend Complaint – Consent Sought but no Answer Provided* (the "Motion to Amend") filed by plaintiff Beyond Words Inc. ("Beyond Words"). Doc. 36.  The motion is opposed by defendant State Farm Fire and Casualty Company ("State Farm"). Doc. 37.  The reply has been filed, making this motion ripe for resolution. Doc. 40.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Amend [doc. 36] be **DENIED**.

### I.
#### BACKGROUND

Beyond Words filed suit in this court against State Farm, seeking recovery for damages to its real property at 1409 Kirkman Street in Lake Charles (the "Property") caused by the landfall of Hurricanes Laura and Delta on August 26, 2020, and October 9, 2020, respectively. Doc. 1, p. 3. The Complaint alleges that State Farm issued a policy of insurance that insured the Property against the hurricane related property damage and other perils and that despite timely notice of loss State Farm failed to adequately and timely cover the costs to repair the Property.  *Id.*  at 3–5.

1

The Complaint therefore alleges breach of contract and seeks various damages related to both the hurricane property damage and the delay in payment, including damages resulting from delayed repair of the property, business losses and loss of economic opportunity, other extra expenses and consequential damages, and "bad faith" damages imposed by La. R.S. § 22:1892 and La. R.S. §22:1973 for State Farm's breach of duties to promptly and adequately adjust claims.  *Id.* at 5–9.

Beyond Words now seeks to amend its Complaint to add a new party plaintiff, Beyond RX, LLC ("Beyond RX"), as well as allegations of new damages resulting from a tornado that hit the Property on May 13, 2024.  Doc. 36, att. 2.  In addition to causing damage to the Property itself and other items owned by Beyond Words, the tornado is alleged to have damaged movable property owned by Beyond RX and related to the pharmacy it operated at the Property.  This movable property owned by Beyond RX includes an extensive inventory of medications and other supplies for the pharmacy.  The tornado damages are also alleged to have been covered by State Farm pursuant to the terms of the polices it issued to Beyond Words and Beyond RX.  *Id.*

State Farm opposes the Motion to Amend, arguing the additional claims could cause unnecessary confusion, delay, and prejudice to State Farm on a few grounds.  First, State Farm suspects the addition of Beyond RX as a party may be an attempt to "resuscitate" allegedly expired claims regarding pharmaceuticals damaged in the 2020 hurricanes, for which State Farm denied coverage because the named insured, Beyond Words, did not own those pharmaceuticals.  Second, State Farm asserts that even if the amendment would only add claims by Beyond RX stemming from the 2024 tornado, those claims would also be untimely.  Third, State Farm asserts that even timely claims by Beyond RX for tornado-related damages have no place in this litigation because they are unrelated to the original claims by Beyond Words.  Doc. 37.

## II.
### DISCUSSION

**A.  The amendment adds claims not germane to the original causes of action.**

On a motion to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "Leave to amend, however, is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992).  The decision whether to grant leave is squarely in the discretion of the court, but the court "must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).  In deciding a motion to amend, the court should consider

> whether permitting the pleading would cause undue delay in the proceedings or undue prejudice to the nonmovant, the movant is acting in bad faith or with a dilatory motive, the movant has previously failed to cure deficiencies by prior pleadings, or the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action.

*Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983).

The Motion to Amend seeks to add claims by a new plaintiff regarding damage to property caused by a 2024 wind event that took place nearly four years after the 2020 landfall of hurricanes Laura and Delta.  Relative to the original cause of action, the claims of the Amended Complaint include those brought by a different owner (Beyond RX) of a different type of property (pharmaceutical and medical supplies) damaged by a different type of wind event (tornado) that occurred four years after the original hurricane damage was sustained.  The factual overlap between these claims and the original cause of action is virtually non-existent, and a wholly separate evidentiary showing would be necessary to demonstrate the causation, nature, and extent of the property damage, consequential damages, and any bad faith on the part of State Farm.  As the original claims were pending almost three years before the current amendment was sought, imposing essentially a new litigation on State Farm at this point would be unjustifiably prejudicial.

3

Accordingly, the new claims are not germane to the original cause of action and have no place in this lawsuit.

**B. The amendment seeks to add a party of unknown citizenship.**

Even if the court were inclined to allow the amendment, it could not do so because the citizenship of Beyond RX is currently unknown and inadequately pled.

The court exercises subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, which requires that all plaintiffs be of diverse citizenship from all defendants. The original complaint properly alleges that Beyond Words is a Louisiana corporation with a principal place of business in Louisiana, and therefore a citizen of Louisiana, and that State Farm is an Illinois corporation with its principal place of business in Illinois, and therefore a citizen of Illinois. Doc. 1, pp. 1–2. The proposed amended complaint uses a similar format to plead the citizenship of Beyond RX, which is alleged to be a Louisiana limited liability company with its principal place of business in Louisiana. Doc. 36, att. 2. This fails to adequately allege the citizenship of Beyond RX for purposes of diversity jurisdiction under 28 U.S.C. § 1332. For diversity purposes, a limited liability company's citizenship is determined by the citizenship of all its members, with its state of organization and principal place of business being irrelevant. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008).

Should the district court not adopt the recommendations made herein, the citizenship of Beyond RX will need clarification before amendment could be granted to confirm that the court may exercise subject matter jurisdiction over the claims as amended.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** the *Motion to Amend Complaint – Consent Sought but no Answer Provided* filed by plaintiff Beyond Words, Inc. [doc. 36] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lake Charles, Louisiana, this 9th day of March, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**