UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

BEYOND WORDS INC                    CASE NO.  2:22-CV-03267

VERSUS                              JUDGE JAMES D. CAIN, JR.

STATE FARM FIRE & CASUALTY CO       MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion to Strike [doc. 59] filed by plaintiff Beyond Words, Inc. and seeking to exclude or limit the testimony of defense witness Ryan Eiselstein. Defendant State Farm Fire and Casualty Company ("State Farm") opposes the motion. Doc. 61.

### I.
### BACKGROUND

This suit arises damage allegedly inflicted to plaintiff's commercial property in Lake Charles, Louisiana, during Hurricanes Laura and Delta in August and October 2020. At all relevant times the property was insured under a policy issued by State Farm. Plaintiff filed suit against State Farm in this court on August 23, 2022, alleging that State Farm failed to timely or adequately compensate it for covered losses. Doc. 1. The matter proceeded through the streamlined settlement process outlined in the court's Case Management Order [doc. 2] but did not resolve. It is now set for jury trial before the undersigned on August 17, 2026. Doc. 53. Plaintiff represents that it sold the property in

2025 and that the new owners retained a contractor, Ryan Eiselstein, to perform repairs. Doc. 59, att. 1, p. 2.

Based on a consent motion filed by State Farm, the court extended State Farm's expert disclosure and report deadline to April 24, 2026. Doc. 48. On June 3, 2026, State Farm disclosed to plaintiff for the first time that it intended to rely on Mr. Eiselstein's testimony for the cost of remaining repairs, extent of storm damage, and scope of repairs. Doc. 59, att. 1, p. 2; *see* doc. 61, p. 3. Plaintiff moves to exclude this testimony, arguing that it is outside the scope of what is permitted for a lay witness and therefore barred due to State Farm's failure to timely disclose its intent to call Mr. Eiselstein. Doc. 59, att. 1. In response, State Farm maintains that there is good cause to permit Mr. Eiselstein's late disclosure and, in the alternative, that Mr. Eiselstein can still testify as a fact witness even if excluded as an expert. Doc. 61.

## II.
### LAW & APPLICATION

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). Under Federal Rule of Civil Procedure 26(a)(2)(C), certain witnesses, such as treating physicians, may offer opinion testimony based on their personal knowledge and are not required to prepare a report. *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 162 (E.D. La. 2015). These witnesses and a summary of their expected testimony must nonetheless be timely disclosed. *See, e.g.*, *Logan v. Westfield Ins. Co.*, 2020 WL 412216, at *5 (W.D. La.

Page 2 of 4

Jan. 24, 2020) (discussing Rule 26(a)(2)(C) disclosure requirements). The purpose of Rule 26's requirements "is to prevent prejudice and surprise." *Id.* (quoting *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013)).

Rule 16(b) grants district courts the authority to manage the discovery process through a scheduling order. *E.g.*, *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). District courts have broad discretion to enforce their scheduling order through the exclusion of evidence and witnesses. *Id.* The Fifth Circuit considers four factors in reviewing whether the district court properly excluded evidence not timely designated: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.*

State Farm argues that its belated designation of Eiseltein should be excused under this test. It notes that Eiselstein was hired to conduct repairs by the new owners of the subject property, and was not identified in this litigation until March 19, 2026. Doc. 61, p. 5. It further maintains that it did not become aware of the relevance of his testimony until June 2, 2026. *Id.* Yet State Farm was aware of Mr. Eiselstein's role five weeks before its expert disclosure deadline, and should have recognized the potential relevance of his testimony at that point. Instead, it only decided to seek Mr. Eiselstein's opinion testimony after the parties had invested substantial resources in preparing for an August 2026 trial date. This matter has now lingered on the court's docket for nearly four years. The undersigned will not grant another continuance. Accordingly, the risk of prejudice to plaintiff is high since it would have to vet the new witness's expert qualifications and

potentially obtain supplemental reports to counter his opinions. Meanwhile, State Farm has had ample opportunity through the previous continuances to retain its own experts and timely submit their reports on the scope and valuation of damages.  Mr. Eiselstein may still testify as a fact witness as to repairs already conducted, but the court will not permit any modification of the scheduling order to accommodate his testimony as an opinion witness.

### III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Strike [doc. 59] be **GRANTED** and that defense witness Ryan Eiselstein be precluded from testifying as an expert witness.

**THUS DONE AND SIGNED** in Chambers on the 1st day of July, 2026.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**